

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# Taormino v. Sony Elec Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5399

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Taormino v. Sony Elec Inc" (2007). *2007 Decisions.* Paper 1656.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1656

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5399
_____

ROBERT J. TAORMINO;
LAWRENCE MORINI,

Appellants

v.

SONY ELECTRONICS, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-00864)
District Judge:  Honorable Joseph L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before:  McKEE, AMBRO and FISHER, *Circuit Judges*.

(Filed:   February 7, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Robert J. Taormino and Lawrence Morini ("Appellants") appeal the District

Court's grant of summary judgment in favor of Sony Electronics, Inc. ("Sony").  For the

reason that follows, we will dismiss this appeal for lack of jurisdiction and remand to the District Court for further proceedings.

## I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis.

The Appellants were terminated by Sony during a reduction in force. The Appellants were notified that if they signed a release they would be provided with a lump sum severance payment. By signing the release the Appellants waived their right to bring certain claims against Sony. In February 2004, the Appellants filed suit against Sony alleging age discrimination claims, and that the release was unenforceable. Sony filed an answer, and asserted counter-claims.

In March 2005, Sony moved for summary judgment as to all of the Appellants' claims. The District Court granted the motion and dismissed the Complaint. The Appellants then filed this appeal.

## II.

Our appellate jurisdiction is conferred and limited by Congress' grant of authority. *Berckeley Inv. Group, Ltd. v. Colkitt*, 259 F.3d 135, 139 (3d Cir. 2001) (citation omitted). In order for this Court to have jurisdiction under 28 U.S.C. § 1291, as claimed in this case, there must be a final decision by a district court. *See id.* at 139-40. For there to be a final decision, generally all proceedings and claims must have been adjudicated in the district court. "'Ordinarily, an order which terminates fewer than all claims, or claims

2

against fewer than all parties, does not constitute a "final" order for purposes of appeal under 28 U.S.C. § 1291.'" *Id.* at 140 (quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999)).

In this case, the District Court did not rule on Sony's counterclaims. The motion for summary judgment merely sought the dismissal of the Appellants' Complaint and did not ask for judgment on the counterclaims. The District Court's Order provided that it was granting Sony's motion for summary judgment and dismissed the Appellants' Complaint. It did not decide the counterclaims asserted by Sony. Nor did the District Court direct the entry of a final judgment as to the Appellants' claims in its discretion under Federal Rule of Civil Procedure 54(b). Therefore, there is no final order as required under 28 U.S.C. § 1291, and we do not have jurisdiction.

### III.

For the foregoing reason, we will dismiss this appeal for lack of jurisdiction and remand the case to the District Court for further proceedings.

3